IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT CRIPE, Individually and on Behalf of all others Similarly Situated, | § § § | |
| Plaintiff, | § § | Civil Action No. |
| v. | § § | 3:11-CV-752-K |
| | § | |
| DENISON GLASS & MIRROR, INC. and MARK A GAMPPER, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Robert Cripe's Original Complaint (Doc. No. 1). After review of the complaint, the Court concludes that, for the convenience of parties and witnesses and in the interests of justice, this action should be transferred. It is therefore **ORDERED** that this action should be transferred to the Eastern District of Texas, Sherman Division.

I.  **Background**

The following are facts contained in Mr. Cripe's original complaint. Nothing in this opinion shall be construed as a comment on the merits of this case and are only stated to give context for this order of transfer. Mr. Cripe has been employed by Defendant Denison Glass & Mirror, Inc. ("Denison Glass") since 1999. Denison Glass sells and installs windows and mirrors for commercial, residential, and public works

projects. Defendant Mark Gampper is the president and owner of Denison Glass.

Mr. Cripe's daily tasks include picking up a Denison Glass van at the company's shop, loading it with materials and tools, driving to job sites, completing installation work for customers, returning the company van to the shop, and unloading the van. Mr. Cripe claims he and other employees were denied overtime compensation they had earned because Denison Glass, as a company policy, does not recognize time spent driving to and from work sites toward the calculation of weekly hours worked. For example, Denison Glass would count a twelve hour day that includes two hours of driving as ten hours worked.

The Dallas Division of the Northern District of Texas is responsible for cases arising in Dallas, Ellis, Hunt, Johnson, Kaufman, Navarro, and Rockwall counties. The Sherman Division of the Eastern District of Texas is responsible for cases from Cooke, Collin, Delta, Denton, Fannin, Grayson, Hopkins, and Lamar counties. While the company also operates a Dallas office, Denison Glass is headquartered in Denison, Texas, which is located in Grayson County.

Mr. Cripe's complaint states venue is proper in this district because a substantial part of the events giving rise to this claim occurred in Dallas County. Specifically, he states that he has performed work for Denison Glass at Highland Park High School, Comerica Bank, Forest Park Medical Center, and several other locations in this district, and that he was not compensated for time spent driving to and from these locations.

Denison Glass' headquarters are approximately ten miles from the federal courthouse in Sherman and approximately seventy five miles from the one in Dallas.

II.     **Law and Analysis**

Although there is currently no motion to transfer pending, this Court has the power to transfer "any civil action to any other district or division where it might have been brought" on its own motion. *United States ex rel. Ondis v. City of Woonsocket, R.I.*, 480 F. Supp. 2d 434, 436 (D. Mass. 2007) ("[i]t is well settled that a court may transfer a case *sua sponte* pursuant to 28 U.S.C. § 1404(a) . . ."); *Keating Fibre Intern., Inc. v. Weyerhauser Co., Inc.*, 416 F. Supp. 2d 1048, 1051 (E.D. Pa. 2006) (same).

A.      **Legal Standards for Change of Venue**

A district court is afforded broad discretion in deciding whether to order a transfer. *Peteet v. Dow Chem. Co.,* 868 F.2d 1428, 1436 (5th Cir.), *cert. denied,* 493 U.S. 935 (1989). The threshold question is whether the case could have been brought in the proposed destination venue. *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 312 (5th Cir. 2008), *cert. denied,* 129 S. Ct. 1336 (2009). The general venue statute provides that, in a civil action where jurisdiction is not founded solely on diversity of citizenship, suit may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2). The underlying premise of § 1404(a) is that courts should prevent plaintiffs from abusing their privilege under § 1391 by subjecting defendants to venues that are inconvenient under the terms of §

1404(a). *Volkswagen,* 545 F.3d at 313. (citations omitted). Although the plaintiff's choice of venue is entitled to some deference, a transfer may be appropriate upon a showing of good cause. *Volkswagen,* 545 F.3d at 314. When the transferee venue is clearly more convenient, there is good cause for a transfer. *Id.*

To determine whether good cause for transfer of venue under section 1404(a) is present, the court reviews the private and public interest factors applicable to transfers for *forum non conveniens* cases. *Id.* (citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501 (1947)); *Humble Oil & Refining Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Volkswagen*, 545 F.3d at 315. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* "Although the *Gilbert* factors are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive." *Id*. Moreover, "none . . . can be said to be of dispositive weight." *Id*. (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.,* 358 F.3d 337, 340 (5th Cir. 2004)).

B.      Private Interest Factors

Mr. Cripe has chosen to file suit in the Northern District of Texas instead of the Eastern District of Texas. Therefore, the Court must determine whether there is good cause for transfer of the case. *Doe v. City of San Angelo*, No. 3:09-CV-1434-B, 2009 WL 5033936, *2 (N.D. Tex. Dec. 21, 2009) (Boyle, J.). This analysis requires the Court to weigh the private and public interest factors outlined above.

1.      Relative Ease of Access to Sources of Proof

The first private interest factor is the relative ease of access to sources of proof. *Volkswagen*, 545 F.3d at 315. Denison Glass is headquartered in Denison, Texas, which is roughly ten miles from the federal courthouse in Sherman. Company records are presumably kept at Denison Glass' main office. These records would be the focus of discovery and the majority of evidence gathered and offered at trial. Company employees that may be required to participate in discovery are also located in and around Denison. This factor weighs in favor of transfer.

2.      Availability of Compulsory Process to Secure the Attendance of Witnesses

The next private interest factor the court must consider is the availability of compulsory process to secure the attendance of witnesses. *Id*. A subpoena may be served, in the United States, within a district, outside of the district if within 100 miles of the court conducting the proceeding, or if otherwise authorized by statute. Fed. R. Civ. P. 45(b)(2). Whether this case proceeds here or in Sherman, compulsory process

to secure witnesses would be available; even though Denison is outside the Northern District of Texas, it is within 100 miles of Dallas. The Court finds this factor to be neutral.

### 3. Cost of Attendance for Willing Witnesses

The cost of attendance for willing witnesses is another of the private interest considerations. *Volkswagen*, 545 F.3d at 315. Many courts have recognized the importance of the imposition on witnesses when weighing a transfer to another court, and if some other forum will serve the convenience of witnesses better, a transfer is significantly more likely. 15 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 3851 (3d ed. 2007). Company employees and other potential witnesses living and working in Denison would be forced to commute an extra one hundred-twenty miles round trip every time they came to court. Therefore, this factor favors transfer.

### 4. Other Practical Problems

Finally, the court must examine all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen*, 545 F.3d at 315. The Court foresees no other practical problems other than the ones considered above concerning access to proof and the convenience of parties and witnesses. Therefore, based upon the facts before the court, this factor does not impact the above analysis.

### C. Public Interest Factors

Although the private interest concerns alone appear to support transfer, this Court

also must consider the public interest factors identified by the appellate court. *Volkswagen*, 545 F.3d at 315.

### 1. Administrative Difficulties

The first public interest factor is whether administrative difficulties flowing from court congestion may cause one forum or the other to be more convenient. Without statistical evidence that supports a conclusion either way, this factor remains neutral concerning transfer.

### 2. Local Interest in Deciding the Dispute

Denison Glass is headquartered within the Eastern District of Texas. According to its website, it has forty-five employees in its Denison office and the satellite office in Dallas. Denison Glass & Mirror Inc., About Us, http://www.denisonglass.com/site.html (last visited Apr. 19, 2011). This case concerns a local business which has been operating in Denison since 1947. *Id*. When considering these facts, the Court concludes that local interest weighs in support of transfer.

### 3. Familiarity with Governing Law

Both courts are familiar with the application of federal employment law. This factor is neutral.

### 4. Conflicts of Laws

The Court has not identified any conflict of laws issues or foreign law concerns from the face of Mr. Cripe's complaint and does not foresee any that may arise in the

future. Accordingly, this factor is also neutral as to both forums.

IV.     Conclusion

Because the Eastern District of Texas provides easier access to sources of proof, is more convenient for potential non-party witnesses, and there is a local interest in deciding this case in Sherman, this action is hereby **TRANSFERRED** to the Eastern District of Texas, Sherman Division.

**SO ORDERED**.

Signed April 20th, 2011.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE